Alejandra **RODRIGUEZ–PEREZ**, a.k.a. Alejandra **Rodriguez de Castillo**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–77316.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Melissa Neiman–Kelting, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Alejandra Rodriguez–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her appli-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cation for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a finding of statutory ineligibility for cancellation of removal based on lack of good moral character, *see Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), and review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the agency's finding that Rodriguez–Perez provided false testimony with the intent to deceive for the purpose of obtaining an immigration benefit, which barred her from possessing the good moral character required to be eligible for cancellation of removal. *See* 8 U.S.C. § 1101(f)(6); *Kungys v. United States*, 485 U.S. 759, 781–82, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988); *Ramos*, 246 F.3d at 1266.

Rodriguez–Perez's contention that she was denied due process because the interpreter did not clarify the term "arrest" is unavailing because she failed to show prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.